[Sac. No. 4045.  In Bank.—October 11, 1927.]

H. S. HIETT et al., Respondents, v. THE INLAND FINANCE CORPORATION (a Corporation), and NEIL I. ROSS, Appellants.

[1] APPEAL—MOTION TO DISMISS—MATTERS OCCURRING SUBSEQUENT TO APPEAL—MOOT QUESTION—PROCEDURE.—It is doubtful if the supreme court has the power to order the clerk of a trial court to prepare and present a supplementary transcript embodying matters which would have been no proper part of the original transcript on appeal, for the purpose of moving to dismiss the appeal on the ground that the questions had become moot; and the proper procedure would be to move to dismiss the appeal upon an affidavit or other showing setting forth the proceedings of the trial court which would cause the questions raised upon the appeal to become moot.

(1) 4 C. J., p. 510, n. 44, p. 599, n. 2.

MOTION for diminution of record on appeal from the Superior Court of Stanislaus County. L. W. Fulkerth, Judge. Motion denied.

1. See 2 Cal. Jur. 749, 769.

The facts are stated in the opinion of the court.

Louttit & Stewart for Appellants.

Bronson, Bronson & Slaven for Respondents.

THE COURT.—The respondents move the court for an order requiring the clerk of the superior court of the state of California, in and for the county of Stanislaus, to file herein a supplementary clerk's transcript setting forth certain proceedings in the above-entitled action occurring in said court subsequent to the taking of said appeal and the preparation and filing of the transcript on appeal herein, and which proceedings and papers sought to be included in such supplementary transcript have no relation to the questions presented upon said appeal and would hence constitute no proper part of the original transcript thereon. The declared purpose of the respondents in making this motion is that of having such matters made a part of the record upon appeal herein in order that they may thereafter move to dismiss such appeal upon the ground that by virtue of such proceedings to be embodied in such supplementary transcript this appeal has become moot. [1] They have not, however, moved to dismiss this appeal upon the ground that the same has become moot and they may never make such motion. In the event, however, that they should do so they may and properly should support the same by affidavit or other showing setting forth the proceedings in the trial court which would have caused the questions raised upon this appeal to have become moot. Such would be their proper procedure and it would seem evident that the present is not the proper procedure to be taken in order to bring before this court the matters which the respondents may urge upon a motion to dismiss this appeal in the event of their making such motion. It may well be doubted whether this court has the power to order the clerk of the trial court to prepare and present a supplementary transcript embodying matters which would have been no proper part of the original transcript upon appeal.

The motion is, therefore, denied.