[L. A. No. 16776.   In Bank.—March 3, 1939.]

JAMES M. GAVIN, Plaintiff and Appellant, v. LANDFAIR
REALTY CORPORATION (a Corporation), Defendant
and Appellant.

W. C. Smith and Everett H. Smith for Plaintiff and Appellant.

Glen Behymer and D. Howard Painter for Defendant and Appellant.

WASTE, C. J.—Plaintiff Gavin, who has appealed from a portion of the judgment entered herein, moves this court for orders allowing diminution of the record, permitting withdrawal of certain notes and trust deeds, and requiring the defendant Landfair Realty Corporation, which has also appealed from a portion of the judgment, to post an appeal bond and in the absence thereof for a dismissal of the appeal.

In our consideration and determination of these several motions we shall generally state only so much of the facts underlying this litigation as are essential to an understanding thereof. It appears that the defendant Landfair Realty Corporation let a contract to the cross-defendant John L. Hudson, as contractor, for the erection of a building to cost $42,000. A faithful performance bond and a bond to laborers and materialmen were respectively executed by Hudson, as principal, and by Hudson's father and plaintiff Gavin, as sureties, each bond being in the sum of $21,000. In addition, the plaintiff Gavin agreed to loan $35,000 for the construction of the building. Hudson, the contractor, was to provide the balance necessary to complete the building. Certain notes secured by deeds of trust were to be executed to insure repayment of the sums so advanced. These instruments were placed in escrow with instructions for their delivery to Gavin 35 days after filing of notice of completion, providing no liens were on file. Gavin advanced and paid into the escrow from time to time sums aggregating $23,750 and, in addition, paid out $19,-869.72, in an effort possibly to avoid liability under the faithful performance bond. After these sums had been paid, Gavin and Hudson, the contractor, claimed that the building was complete in accordance with the plans and specifications. This the owner and architect denied and a certificate of completion was refused. Thereupon Gavin commenced this action for declaratory relief and for delivery of the notes and trust deeds above mentioned. The Landfair Realty Corpora-

tion cross-complained. The escrow holder delivered the notes and trust deeds to the clerk of the court and they are now held *in custodia legis*.

At the conclusion of the trial the court below found that it would require an additional seventy days and $7,003 to complete the building according to specifications and that the Landfair Realty Corporation, as owner, had been damaged in the sum of $3,774 by delay in construction and consequent loss of rentals. By the terms of the judgment thereafter entered the Landfair Realty Corporation recovered, on its cross-complaint, against Gavin and Hudson, the sum of $10,777 and costs. The clerk was directed to retain the promissory notes and deeds of trust until seventy days after signing of the judgment in order to permit completion of the building, and then to deliver same to Gavin in the event he did not prosecute an appeal from the judgment and further that if any party to the action, except Landfair Realty Corporation, should prosecute an appeal the clerk was to retain custody of the documents until further order of the court. In other words, if no appeal was taken, or if Landfair Realty Corporation alone appealed, the documents were to be delivered to Gavin at a time when it would be too late for him to notice an appeal. Gavin was also ordered to pay Landfair Realty Corporation the sum of $200 to satisfy the architect's claim of lien. It was also decreed that the escrow holder pay Gavin $100 theretofore paid on account of one of the notes. The notes and trust deeds were decreed to be valid and the latter to be subsisting liens on the property. As stated above, both Gavin and the Landfair Realty Corporation appealed from portions of the judgment.

Gavin now moves in diminution of the record that an affidavit of one of his counsel be added thereto wherein are averred asserted facts concededly occurring *after* the appeal had been perfected to the effect that Landfair Realty Corporation was in possession of and using the building. The undoubted purpose of such affidavit is to show that the building is complete, contrary to the findings and judgment of the trial court. In opposition to the motion, a counteraffidavit has been filed denying possession and use of the building by Landfair Realty Corporation. The granting of the motion for diminution of the record can avail the appellant Gavin nothing inasmuch as it is not sought to bring up

thereby anything which was before the trial court at the time of the rendition of the decree appealed from in *Hiett* v. *Inland Finance Corp.*, 202 Cal. 277 [259 Pac. 1102], it is held that a motion for diminution of record is not the proper method by which to bring before an appellate court factual matters occurring after the rendition of judgment and which tend to show that the appeal has become moot. It is there pointed out that the proper remedy is by motion to dismiss upon that ground. In the present case, the purpose of the proffered affidavit and the motion for diminution is to show possession and occupancy of the building by Landfair Realty Corporation subsequent to the entry of judgment which, in turn, would tend to establish completion of the building contrary to the provisions of the judgment now on appeal, thereby rendering the appeal substantially moot. As indicated, it is not the province of a motion for diminution to disclose matters occurring after the entry of the judgment appealed from. The motion must therefore be denied.

Nor do we find any merit in the motion requesting permission to withdraw the promissory notes and trust deeds from the custody of the clerk. As indicated in the above statement of facts, the judgment expressly provides that in the event of an appeal by the plaintiff Gavin, the notes and trust deeds should be held by the clerk pending further order of the court below. The continued possession of said instruments by the clerk of that court is a part of the judgment appealed from and may not be dissociated from the merits of the appeals. Moreover, in commencing this action Gavin principally sought possession of these instruments. To grant the motion to withdraw the instruments would be to prejudge the merits of the case and the appeals in a material respect. The motion must be denied.

In support of his third and final motion by which it is sought to require the Landfair Realty Corporation to file an appeal bond or in lieu thereof to dismiss its appeal, plaintiff Gavin relies on section 943 of the Code of Civil Procedure. Under the very terms of the cited section no appeal bond is required of Landfair Realty Corporation inasmuch as the instruments which by the terms of the judgment are to be delivered to Gavin have been deposited with the clerk of the court below and, in view of Gavin's appeal, are to be

so held until the further order of the court. This motion likewise lacks merit.

The several motions are, and each is, denied.

Shenk, J., Curtis, J., Langdon, J., Edmonds, J., and Houser, J., concurred.