[L. A. No. 10777. In Bank.—November 10, 1928.]

THE PEOPLE, Respondent, v. W. P. HODGES et al.,
Defendants; SEABOARD SURETY CORPORATION
OF AMERICA, Appellant.

Arthur T. Stollmack for Appellant.

Everett W. Matoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondent.

THE COURT.—■ This is a motion to dismiss an appeal prosecuted by the defendant surety company from a judgment entered in accordance with the provisions of sections 1305 and 1306 of the Penal Code as amended in 1927 (Stats. 1927, pp. 1385, 1386), following upon the forfeiture of certain bail bonds furnished by the appellant under the provisions of section 1278 of the same code (Stats. 1927, p. 1387), to secure the release of the defendants Hodges and Loeb. Each of the bonds so forfeited provided that "If the forfeiture of this bond be ordered by the court, judgment may be summarily made and entered forthwith against the said Seaboard Surety Corporation of America and the said defendant, if he be a party to the bond, for the amount of their respective undertakings herein, as provided by sections 1305 and 1306 of the Penal Code." Respondent moves to dismiss the appeal on the ground that the judgment from which it is attempted to be taken is a consent judgment from which an appeal will not lie. With this contention we are in complete accord. (*Hotchkiss* v. *Superior Court*, 204 Cal. 667 [269 Pac. 524]; *Erlanger* v. *Southern Pac. R. Co.*, 109 Cal. 395 [42 Pac. 31]; *La Societe Francaise, etc.*, v. *Beardslee*, 63 Cal. 160; *Judnick* v. *Judnick*, 47 Cal. App. 380, 382 [190 Pac. 480]; *People* v. *Pernetti*, 95 App. Div. 510 [88 N. Y. Supp. 714].) The case of *People* v. *Pernetti, supra,* presented a situation practically identical with the one now before us, and the court there held that an appeal would not lie.

■ Appellant's contention that the judgment was irregularly entered is without merit. It was properly entered, without notice, in the name of the real party in interest, viz., the county of Los Angeles (*People* v. *De Pelanconi*, 63 Cal. 409), and finds ample support in the minutes of the court declaring the forfeiture, a certified copy of which was introduced before the court entering the judgment. ■ The introduction of a certified copy of the minutes or docket of the forfeiting court constituted, in our opinion, a sufficient compliance with the provisions of sections 1305 and 1306 of

the Penal Code, for neither section requires the making of a formal written order of forfeiture. ▮ It is now too late for the appellant to complain that the bonds were improperly forfeited. (*People* v. *Pernetti, supra.*) Appellant should have moved, within the ninety-day period allowed by section 1305, to discharge the order of forfeiture if improperly made. It will now be presumed in support of the judgment that the order was regularly entered.

The appeal is dismissed.