MAIN, J.
 

 The appeal in each of the 10 captioned cases involves the validity of a summary judgment against bondsmen upon undertaking of bail in a criminal case, which judgment was entered more than one year after the entry by the lower court of the declaration of forfeiture for failure of the defendant to appear. (Pen. Code, §§ 1278, 1305, 1306.)
 

 With exceptions noted, the record in each case discloses the following actions:
 

 1. Defendant was charged with a criminal offense in the municipal court, was taken into custody, and was released upon posting an undertaking of bail furnished (exception in case A-12) by a corporate bondsman, the National Automobile and Casualty Insurance Company.
 

 
 *Supp. 880
 
 2. Defendant failed to appear when ordered to do so, and thereafter the municipal court entered in its minutes a declaration of forfeiture of the bond. In each instance the forfeiture was declared within one year of the failure to appear.
 

 3. More than one year after entry of the forfeiture, the municipal court entered a summary judgment upon the bond. In some instances the judgment was entered against the corporate surety only, and in some cases also against one Walter E. Binger, presumably the attorney in fact for the corporate surety.
 

 4. The docket contains an entry: ‘ ‘ Summary judgment entered. Bondsman notified. ’ ’ The record does not contain other proof of service, copy of the notice, nor indication of what person or persons were notified. The only appearance of record in opposition to the appeal is by Attorney Norbert Baumgarten, appearing “for respondent Walter E. Binger.’’ Neither Mr. Baumgarten nor other counsel appear for the corporate surety.
 

 5. A motion was made in the municipal court by Attorney Baumgarten to set aside the summary judgment so entered. The docket does not disclose the identity of the moving party, but only of counsel.
 

 6. On February 27, 1956, the municipal court entered its order in each case, setting aside the summary judgment previously rendered.
 

 7. The People (county counsel of Kern County) appeal from the orders setting aside the summary judgments.
 

 In setting aside the judgments, the municipal court in effect decided that entry of such summary judgments was barred by the one-year limitation of sections 335 and 340, subdivision 2, of the Code of Civil Procedure, reading:
 

 “The periods prescribed for the commencement of actions other than for the recovery of real property are as follows: . . . An action upon a statute, or upon an undertaking in a criminal action, for a forfeiture or penalty to the people of the State. ’ ’
 

 In other words, the holding is that the court cannot enter the summary judgment on a date more than one year after its declaration of the forfeiture. No such limitation of time is contained in the Penal Code sections. Only a minimum time is mentioned, in that the defendant and his bail are now allowed ninety days from the declaration of forfeiture within which to appear and offer excuses, before summary judgment can be entered.
 

 
 *Supp. 881
 
 Since 1927 the Penal Code (§§ 1305, 1306) has required the
 
 court
 
 in which a bail bond has been filed to perform specified acts as a means of fixing liability of bail after the unexcused nonappearance of the defendant. There is no civil action on the bond by the district attorney, as formerly.
 

 Prior to 1927 the method provided for enforcing a forfeiture of bail under Penal Code, sections 1305 and 1306, was by civil action upon the bond, brought by the district attorney, which action could only be commenced after a declaration of forfeiture by the court in which the principal had failed to appear, and the lapse of 20 days more during which the nonappearance remained unexcused.
 

 In the ease of
 
 County of Los Angeles
 
 v.
 
 Metropolitan Cas. Ins. Co.
 
 (1933), 135 Cal.App.26 [26 P.2d 699, 27 P.2d 914], based on the pre-1927 law, it was held that the court might declare the forfeiture even after five years’ time from the date of nonappearance of the defendant; and that his further failure to appear for the 20-day period then provided by Penal Code, section 1305, entitled the district attorney to proceed with his action on the bond. “It cannot be said that such obligation . . . became actionable until established by the procedure” prescribed by Penal Code, sections 1305 and 1306, as they then read. The opinion does not mention section 340 of the Code of Civil Procedure, but does uphold a judgment against the bondsman in a suit filed less than one year after the accrual of the cause of action. The district attorney in filing such suit was following the mandate of Penal Code, section 1306, as it read before 1927, that he might “proceed
 
 ly action
 
 against the bail upon their undertaking.”
 

 However, by the amendments of 1927 the Legislature put into operation an entirely new scheme for fixing the liability of sureties on bail bonds. The bail bondsmen were required (Pen. Code, §§ 1278, 1287) to consent to summary judgment against themselves as an integral part of the undertaking. Section 1306 of the Penal Code was recast to provide that ninety days after the declaration of forfeiture, unless set aside, the court “shall enter a summary judgment” against the bail. All directions to the court as to its duties are mandatory. As to the new system, the court said in
 
 People
 
 v.
 
 New York
 
 Indem.
 
 Co.
 
 (1931), 113 Cal.App. 487 [298 P. 849]:
 

 “Section 1306 is so radically changed that nothing remains of the former enactment, the section as amended providing for the entry of a summary judgment against each bondsman named, in place of the action against the bail on their
 
 *Supp. 882
 
 undertaking as theretofore provided. It is to be observed that the amendment adds to the form of the bond provided by Section 1278 of the Penal Code an express consent to the entry of such summary judgment by the bondsman and also by the ‘ defendant, if he be a party to the bond. ’ Necessarily the bond would have to be signed by the surety, thereby making such consent effective. Here we have a very important change in the form of the bond, making effective by consent the summary judgment provided for in the amendment to Section 1306.”
 

 No change was made in 1927 in the language of Code of Civil Procedure, section 340, subdivision 2, perhaps in view of the large number of outstanding bonds enforceable only by the old procedure because they lacked the consent clause. Whether this section ever became applicable to bonds given since the 1927 changes does not seem to have been decided. We believe that on principle and in view of the drastic and specific changes above referred to, the section has no application to bonds given under the new law.
 

 It will first be observed that sections 1305 and 1306 are specific statutes concerning obligation of bail, and so “are governed by the statutes especially applicable thereto.” (Civ. Code, § 2781.) They do not provide for the filing of an
 
 action
 
 as did the old law. They contain no reference to periods of limitation within which the specified acts must be performed by the court, and no limitation can be imported from a general statute.
 

 Next, the law recognizes two types of forfeiture (22 Cal.Jur.2d 510), and has done so in this state at least since 1882. See
 
 Upham
 
 v. Hosking, 62 Cal. 250;
 
 People
 
 v.
 
 Broad,
 
 216 Cal. 1 [12 P.2d 941]. The first, called common law or judicial forfeiture, requires the taking of some action by one of the parties litigant in order to establish the forfeiture or perfect the judgment. Of this character are actions to forfeit vehicles used in the transportation of narcotics. Health and Safety Code, sections 11610 et seq., require a series of steps by the state as litigant before forfeiture can be adjudicated. Similarly the liability of sureties upon an undertaking to stay execution of a civil judgment is fixed only by the making and granting of a motion by a. litigant. (Code Civ. Proc., § 942.)
 

 The second type of forfeiture, called legislative or statutory, requires no act to be performed by any litigant, but only the ministerial act of the court. An example is found in
 
 *Supp. 883
 
 the Alcoholic Beverage Control Act; see Business and Professions Code, section 25353. In the cases now on appeal the liability of the bail derives from a single event: the unexcused nonappearance of the defendant. Upon the happening of this event, the surety becomes liable by operation of the statute. The court’s action in making a record of the fact is ministerial and mandatory.
 

 The distinction is spelled out further in
 
 People
 
 v.
 
 Grant
 
 (1942), 52 Cal.App.2d 794 [127 P.2d 19] ; hearing in the Supreme Court denied. There the state sought to confiscate and forfeit under Penal Code section 325 a quantity of coins taken some 22 months before from slot machines by the sheriff. Since forfeiture could be accomplished only by the bringing and trial of a civil action, the court held recovery to be barred by the statute of limitations, Code of Civil Procedure, section 340, subdivision 2. The forfeiture sought was common law or judicial, not merely confirmation of a legislative forfeiture. But, said the court:
 

 “Where no
 
 action
 
 for a forfeiture is required to be brought, or where the statute itself prescribes the periods within which the procedural steps must be taken, certainly said section 340 of the Code of Civil Procedure would have no application.”
 

 To us it appears quite clear that in 1927 the Legislature purposely changed the character of proceedings for forfeiture of bail. The characteristics of both types of proceedings were known from the decisions of the appellate courts, and the change was recommended by the Commission for the Reform of Criminal Procedure, in its 1927 report to the Legislature. (See vol. 5 of the Appendix to Journals of the Senate and Assembly, 47th session, 1927.) Section 1306 of the Penal Code was completely recast. The effect was to remove bail forfeiture proceedings from the category of judicial forfeitures and place them within the classification of legislative or statutory forfeitures.
 

 The orders of the municipal court granting motion to vacate and set aside summary judgment are therefore reversed as to National Automobile and Casualty Company in all eases in which judgment was rendered against said company, namely: A-3,
 
 People
 
 v.
 
 Burton;
 
 A-4,
 
 People
 
 v.
 
 Hammond;
 
 A-5,
 
 People
 
 v.
 
 Guster;
 
 A-6,
 
 People
 
 v.
 
 Martinez;
 
 A-7,
 
 People
 
 v.
 
 Bizzel;
 
 A-8,
 
 People
 
 v.
 
 Plaster;
 
 A-9,
 
 People
 
 v.
 
 Puckett;
 
 A-10,
 
 People
 
 v.
 
 Chapman;
 
 A-11,
 
 People
 
 v.
 
 Nobles.
 

 Case Numbers A-12 involves different bondsmen, but all parties in that case have stipulated that the appellate court’s
 
 *Supp. 884
 
 ruling on the legal questions involved in the other appeals shall be conclusive in A-12 also. Accordingly in ease numbered A-12,
 
 People
 
 v. Teague, the order of the municipal court granting motion to vacate and set aside summary judgment against Harry P. Devenney, Margaret L. Devenney and Carl H. Devenney, is reversed.
 

 In the cases next tabulated the docket entries reflect judgments against one Walter Binger; but the record fails to show that any person of this name was ever a party defendant or. otherwise to the prosecution or the undertaking. He is referred to at times as “respondent Walter Binger.” As to Mr. Binger the orders granting motion to set aside purported summary judgment are reversed, with instructions to vacate and set aside any purported judgment appearing of record against him, in the following cases: A-6,
 
 People
 
 v.
 
 Martinez;
 
 A-7,
 
 People
 
 v.
 
 Bizzel;
 
 A-8,
 
 People
 
 v.
 
 Plaster;
 
 A-9,
 
 People
 
 v.
 
 Puckett;
 
 A-10,
 
 People
 
 v.
 
 Chapman;
 
 A-11,
 
 People
 
 v.
 
 Nobles.
 

 Lambert, P. J., and Bradshaw, J., concurred.
 

 [A petition for a rehearing was denied Nov. 30, 1956, (Lambert, P. J., Bradshaw, J., and Main, J.) in each of said cases.]