[Civ. No. 26872.   Second Dist., Div. Four.   May 20, 1963.]

THE PEOPLE, Plaintiff and Appellant, v. STUYVESANT INSURANCE COMPANY, Bail Bondsman and Respondent.

Harold W. Kennedy, County Counsel, Gordon W. Treharne and Donald K. Byrne, Deputy County Counsel, for Plaintiff and Appellant.

No appearance for Bail Bondsman and Respondent.

BURKE, P. J.—Defendant was in court on February 2, 1962, on a criminal charge of commission of a felony. The trial was continued to March 7, 1962, and defendant was instructed to appear at that time.   He failed to appear on March 7 and the court ordered his bail forfeited and a bench warrant to issue.   The order was entered in the permanent minutes on March 12, 1962.   Notice of the forfeiture was sent to petitioner bail on April 16, 1962.

On July 9, 1962, 123 days after the forfeiture, the petitioner bail moved the court to set it aside and to reinstate and exonerate the bail.   The affidavit supporting the motion states that, on February 8, 1962, defendant was booked in the Orange County Jail on a governor's warrant from the State of Texas

and thereafter was transported to San Antonio, Texas, in Bexar County, on February 10, 1962.

On March 7, 1962, when he was required to appear in the superior court in this action he was in the custody of the Sheriff of Bexar County, Texas. On March 30, 1962, after the receipt of a telegram from the California authorities stating that this state had no charges against him, he was released from custody in Texas. Both criminal actions against defendant were dismissed, the local dismissal being based upon his having made restitution. However, Penal Code section 1306 provides that a dismissal of the indictment or information after the default of the defendant shall not release or affect the obligation of the bail bond or undertaking. The affiant for bail stated that the latter first learned of such facts on or about June 14, 1962, and accordingly moved the court for relief. The State of California objected to the granting of the motion on the ground that it was not made within 90 days. Nevertheless, the court granted the motion on July 10, 1962. Los Angeles County, acting for the state, appeals from the order entered thereon.

Equity might appear to require affirmance of the order of the lower court setting aside the forfeiture of bail ordered in this case, and reinstating and exonerating such bail. But the guillotine action of the operative statute of limitations concludes the matter and leaves no recourse for petitioner.

Defendant's release in Texas was 70 days prior to the date on which the 90-day statute of limitations for the relief here sought would operate. Such statute is section 1305 of the Penal Code of California which provides: ''If within said 90 days after such entry in the minutes, it be made to appear to the satisfaction of the court that the defendant is dead or is physically unable, by reason of illness or insanity, or by reason of detention by civil or military authorities, to appear in court at any time during said 90 days, and that the absence of the defendant was not with the connivance of the bail, the court may direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just.''

Accordingly, the relief was not timely sought.

The present statutory scheme embodied in Penal Code sections 1305 and 1306 prescribes a particular procedure and sets up certain limitations. By the 1927 amendments, bail bondsmen were required to consent to summary judgment against them as an integral part of the undertaking. Ninety days

after the declaration of forfeiture, unless set aside, the court " 'shall enter a summary judgment' against the bail. All directions to the court as to its duties are mandatory." (*People* v. *Burton,* 146 Cal.App.2d Supp. 878, 881 [305 P.2d 302].) In the *Burton* case the court concluded, at page 883, that the effect of the 1927 amendments was to ". . . remove bail forfeiture proceedings from the category of judicial forfeitures and place them within the classification of legislative or statutory forfeitures."

In *People* v. *Black,* 55 Cal.2d 275, 277 [10 Cal.Rptr. 459, 358 P.2d 915], the court said: " '. . . where a statute requires a court to exercise its jurisdiction in a particular manner, follow a particular procedure, or subject to certain limitations, an act beyond those limits is in excess of its jurisdiction.' "

■ Nor is relief from "mistake, inadvertence, surprise or excusable neglect" under section 473 of the Code of Civil Procedure, within the six months' period after the 90-day period established by section 1305 of the Penal Code, available here. Civil Code section 2781 provides, "The obligations of bail are governed by the statutes specially applicable thereto." Further, since judgment against the bail is one taken by consent, the obligation assumed by the bail is absolute but for the defenses set forth in section 1305 of the Penal Code and even these must be asserted within the 90-day period before the court loses jurisdiction. If the motion is not timely made, for such relief, the consent judgment must be entered from which there is no appeal, the 90-day period being a period of limitation for any permissible relief. Even the enforcement of a constitutional right is subject to a reasonable limitation imposed by statute. (*Rand* v. *Bossen,* 27 Cal.2d 61, 65 [162 P.2d 457]; *Coombes* v. *Getz,* 217 Cal. 320, 330 [18 P.2d 939]; *Hunt* v. *Ward,* 99 Cal. 612, 616 [34 P. 335, 37 Am.St.Rep. 87].)

■ In *People* v. *Walling,* 195 Cal.App.2d 640, 642, 649 [16 Cal.Rptr. 70], a motion to vacate a forfeiture was made pursuant to Code of Civil Procedure section 473 after the 90-day period had run. The court held the motion was not valid since the prior order had become final. "The summary judgment ensuing upon the order of forfeiture is a consent judgment, and is not itself appealable." (Citing *People* v. *Hodges,* 205 Cal. 476 [271 P. 897]; *Kentera* v. *Kentera,* 66 Cal.App.2d 373, 375 [152 P.2d 238].) Hence, the rigorous finality of the limitations statute, sections 1305 and 1306 of

the Penal Code, is apparent in the instant case. Bail had a period of 90 days within which to apply for relief. Forfeiture had been declared and timely relief should and could have been sought.

The order of the superior court of July 10, 1962, setting aside the bail forfeiture, reinstating and exonerating the bail, is reversed.

Jefferson, J., and Kingsley, J., concurred.