[Crim. No. 4789.   First Dist., Div. Two.   May 14, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIAM J. SMITH, Defendant and Appellant.

Kouns & Sturges and Robert S. Sturges for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., and Jay S. Linderman, Deputy Attorneys General, for Plaintiff and Respondent.

SHOEMAKER, P. J.—On December 27, 1963, defendant William J. Smith was arraigned on the charge of grand theft, entered a plea of not guilty, and was given the trial date of

February 24, 1964. When defendant failed to appear on that date, the court ordered his bail forfeited and said order was regularly entered in the minutes. On May 25, 1964, 90 days having elapsed, the court ordered a final forfeiture of bail.

On June 26, 1964, defendant filed a motion for an order setting aside the forfeiture of bail. In support of said motion, defendant filed the declaration of his attorney to the effect that he had examined the files of the clerk's office and had found no record of any notice having been sent to defendant's bondsmen, as required by Penal Code, section 1305, and his own declaration that he had appeared at the preliminary hearing; that subsequent thereto his then attorney had discussed with the prosecutor the possibility of dismissing the action; that defendant believed that a dismissal was possible, if not likely; that following the arraignment and the setting of the trial date, defendant telephoned his attorney several times for instructions, was unable to contact him, but left his telephone number; that when he received no return call, he assumed that all was well and that the case had been dismissed or continued; that he did not learn of the bail forfeiture until two or three weeks after the final order of May 25, 1964; that he had never intended to avoid any court appearance and had been in Santa Clara and Monterey Counties, working, at all times subsequent to his arraignment; that he was employed as a used car salesman, was the father of several young children and the sole source of support for his family; that his bondsmen were located in Cincinnati, Ohio and Scottsdale, Arizona; that if they had been notified by letter of the bond forfeiture, they could have so advised defendant within the statutory 90-day period.

On July 3, 1964, defendant's motion was heard by the court and denied on the authority of *People* v. *Stuyvesant Ins. Co.* (1963) 216 Cal.App.2d 380 [31 Cal.Rptr. 208]. The order denying the motion was duly entered in the minutes of July 3, 1964.

On July 7, 1964, the motion came on for further hearing, apparently pursuant to the stipulation of the parties. Defendant's counsel stated that he would like to amend the motion to show that he was appearing on behalf of the Maryland National Insurance Company, as well as the defendant. The prosecutor objected on the ground that the stipulation had authorized a rehearing of defendant's motion for the limited purpose of determining whether the parties had been mistaken in their interpretation of the *Stuyvesant* case. The

court then stated that its prior ruling would stand. A second order denying defendant's motion was entered in the minutes of July 7, 1964.

Defendant filed notice of appeal designating orders of July 3 and July 6, 1964.

Since the second order denying defendant's motion was made on July 7, 1964, and the record contains no order of July 6, 1964, it is apparent that the reference to such order was erroneous. However, in view of the policy favoring a liberal construction of the notice of appeal, we will treat the appeal as taken from the orders of July 3 and July 7, 1964.

Respondent asserts that the appeal from the orders in question must be dismissed because a party is not entitled to appeal from an order refusing to vacate a forfeiture of bail unless his motion to set aside the forfeiture was made within the 90-day period allowed under Penal Code, section 1305. That section provides in relevant part as follows: "If, without sufficient excuse, the defendant neglects to appear . . . for trial . . . the court must direct the fact to be entered upon its minutes and the undertaking of bail . . . must thereupon be declared forfeited, and, if the amount of the forfeiture exceeds fifty dollars ($50), the clerk of the court shall, promptly upon entering the fact of such failure to appear in the minutes, mail notice of the forfeiture to the surety on the bond . . . . But if at any time within 90 days after such entry in the minutes, the defendant and his bail appear, and satisfactorily excuse the defendant's neglect or show to the satisfaction of the court that the absence of the defendant was not with the connivance of the bail, the court shall direct the forfeiture of the undertaking . . . to be discharged upon such terms as may be just. . . ."

Respondent's contention that an appeal will not lie from an order refusing to set aside a bail forfeiture unless the motion for such relief was timely made is based upon *People* v. *Hodges* (1928) 205 Cal. 476 [271 P. 897]; *People* v. *Oppenheimer* (1956) 147 Cal.App.2d Supp. 827 [305 P.2d 306]; and *People* v. *Stuyvesant Ins. Co., supra.*

Although the above cited authorities fail to demonstrate that the instant appeal must be dismissed, they do establish the rule that relief from forfeiture may not ordinarily be applied for subsequent to the expiration of the 90-day period. However, this rule is not without exceptions. (See *County of Los Angeles* v. *Stuyvesant Ins. Co.* (1964) 227 Cal.App.2d 428 [38 Cal.Rptr. 713].)

██ Appellant contends that Penal Code, section 1305, does not apply to this case because the clerk's failure to notify appellant's surety of the bail forfeiture deprived the court of jurisdiction to enter the final bail forfeiture. ██ Appellant also asserts that the notice requirement, which was added to section 1305 by a 1961 amendment (Stats. 1961, ch. 942, § 1), will be rendered meaningless unless the 90-day period within which a defendant and his bail may seek relief from forfeiture is construed to run from the date upon which notice was sent to the surety rather than from the date upon which the defendant's failure to appear was entered in the court's minutes. We do not accept this argument for two reasons:

Firstly, because it requires us to accept as a fact that notice of the bail forfeiture had not been given to the surety, and this we cannot do, for at the hearing on the motion to set aside the forfeiture, appellant's counsel conceded that his only information was that normally the clerk's office retained a carbon copy of any letter sent out, but that this practice was not invariable and the absence of such a copy in the files did not necessarily establish that notice had not been sent. The burden of establishing that notice had not been sent was upon the moving party, the appellant. This he admittedly did not do. Further, there was no evidence produced to overcome the presumption that official duty had been regularly performed. (Code Civ. Proc., § 1963, subd. 15; *Andrews* v. *Metzner* (1927) 83 Cal.App. 764, 771 [257 P. 203].)

Secondly, although the effect of the notice requirement upon the other portions of the statute appears never to have been passed upon by our courts, we cannot ignore the express wording of the section and hold that the 90-day period did not commence to run until notice had been mailed to the surety. ██ Similarly, the language of the section lends no support to the contention that a clerk's failure to comply with the notice requirement deprives the court of jurisdiction to order a final bail forfeiture. Had the Legislature intended any such result, it could easily have so provided. Since it did not do so, it would appear that the omission complained of was one which appellant was required to bring to the court's attention by appropriate motion within the applicable 90-day period. Admittedly appellant failed to do so, hence the trial court properly refused to set aside the forfeiture of bail.

The orders are affirmed.

Agee, J., and Taylor, J., concurred.