[Civ. No. 22747. First Dist., Div. Two. May 11, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. NATIONAL AUTOMOBILE AND CASUALTY COMPANY, INC., Defendant and Appellant.

Irvin Goldstein for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edward P. O'Brien and Paul N. Halvonik, Deputy Attorneys General, for Plaintiff and Respondent.

TAYLOR, J.—This appeal from an order denying a motion to vacate a bail forfeiture involves the validity of a summary judgment entered pursuant to section 1306 of the Penal Code against appellant, National Automobile and Casualty Com-

pany, the bail bondsman for one F. Langlois, in two Alameda County proceedings. The questions presented are: 1) whether the trial court properly ignored the affidavit alleging that the error of the Los Angeles County Superior Court in releasing Langlois on bail in another criminal proceeding prevented appellant from producing Langlois in the Alameda County proceedings; and 2) whether the failure of the district attorney to demand payment within five days after entry of the summary judgment, as provided in section 1306 of the Penal Code, necessitates reversal.

The facts are not in dispute. Appellant provided bail totaling $15,750 for Langlois who was charged with felony offenses in proceedings Nos. 34923 and 35601 in Alameda County. After the trial of No. 34923 resulted in a hung jury, amended informations were filed, and both proceedings set for January 28, 1964: No. 34923 for retrial, and No. 35601 for arraignment. On that date, after Langlois failed to appear, his bail was forfeited and appellant notified pursuant to section 1305 of the Penal Code. Thereafter, on April 23, 1964, appellant moved to set aside the forfeiture in both proceedings on the basis of the affidavit alleging the erroneous release of Langlois in Los Angeles. On May 29, 1964, the motion was denied and the summary judgment entered pursuant to section 1306 of the Penal Code. The notice of entry of the summary judgment and the demand for payment, both dated June 4, 1964, were filed on June 8, 1964.[1] The notice of appeal[2] was filed on June 10, 1964. Subsequently, appellant's motion to strike and vacate the judgment and demand for payment was denied.[3]

The first contention on appeal is that since the erroneous action of the Los Angeles superior court in releasing defendant on January 8 made it impossible for appellant to produce him in the Alameda County proceedings, the trial court erred in entering the summary judgment and this court must aug-

---

[1] The clerk's transcript contains only the notice of summary judgment and demand for paying in No. 34923; the identical one pertaining to No. 35601 was also the subject of appellant's motion to augment the record. This portion of the motion was granted on April 12, 1966.

[2] The notice of appeal specifies that the appeal is taken from the summary judgment entered on May 29, 1964. However, the summary judgment, ensuing on an order of forfeiture, is a consent judgment, and is not itself appealable (*People* v. *Stuyvesant Ins. Co.*, 216 Cal.App.2d 380, 383 [31 Cal.Rptr. 208]; *People* v. *Walling*, 195 Cal.App.2d 640, 642, 649 [16 Cal.Rptr. 70]). We will, therefore, regard the matter as a premature notice of appeal from the order denying appellant's motion to strike and vacate the judgment, a special order after final judgment, and, therefore, appealable.

[3] Apparently, no notice of appeal was filed from this order.

ment the record by including and considering the subsequent Los Angeles proceeding wherein the court denied a motion to set aside a bail forfeiture. ██ It is well settled that the record in another action, which was not offered or introduced at the trial below, cannot be considered on appeal (*Green* v. *Green*, 215 Cal.App.2d 31 [30 Cal.Rptr. 30]; *Gelini* v. *City & County of San Francisco*, 199 Cal.App.2d 340, 348 [18 Cal.Rptr. 853]). Appellant relies on rule 12(a) of the California Rules of Court, which provides for augmentation of the record where the record was offered at or used in the trial or hearing below and was on file in or lodged with the superior court. In the instant case, no showing has been made that the Los Angeles County proceeding was ever used or became part of the record in the Alameda County proceedings (*People* v. *Wein*, 50 Cal.2d 383, 411 [326 P.2d 457]), and appellant concedes that the Los Angeles proceeding occurred after the Alameda County proceedings. ██ Facts occurring after the action in the trial court cannot be considered by an appellate court (*Gavin* v. *Landfair Realty Corp.*, 13 Cal.2d 56, 58-59 [87 P.2d 1012]).

However, the determinative factor is that the Alameda trial court was without jurisdiction to consider the contents of appellant's affidavit relating to the Los Angeles proceeding and to set aside the bail forfeiture. Sections 1305 and 1306 of the Penal Code, at the time here relevant,[4] gave the trial judge 90 days after entry within which to set aside its order of forfeiture. ██ Since the judgment against the bail is one taken by consent, the obligation assumed is absolute but for the defenses set forth in section 1305, and these *must be asserted* within the 90-day period or the court loses jurisdiction (*People* v. *Black*, 55 Cal.2d 275, 277 [10 Cal.Rptr. 459, 358 P.2d 915]; *People* v. *Stuyvesant Ins. Co.*, 216 Cal.App.2d 380, 382 [31 Cal.Rptr. 208]). ██ The relief from default provided by section 473 of the Code of Civil Procedure does not apply since "The obligations of bail are governed by the statute specially applicable thereto." (Civ. Code, § 2781; *People* v. *Burton*, 146 Cal.App.2d Supp. 878, 881 [305 P.2d 302].)

██ In the instant case, bail was forfeited on January 28, 1964, and appellant duly notified (Pen. Code, § 1035). Appellant's motion to set side the forfeiture and affidavit setting forth the release of Langlois was timely filed on April 23,

---

[4]The 1965 amendments to sections 1305 and 1306 extended the time to 180 days (Stats. 1965, ch. 1926, §§ 1, 2).

154

1964, and at appellant's request calendared for May 22, and then postponed to May 29. At the time of the hearing on May 29, 1964, the 90-day statutory period had expired and the court was without jurisdiction to do anything other than enter the summary judgment (*People* v. *Smith*, 234 Cal.App.2d 404 [44 Cal.Rptr. 430]).[5] In view of this holding, we need not consider appellant's other contentions based on the Los Angeles proceeding (*Green* v. *Green*, 215 Cal.App.2d 31 [30 Cal.Rptr. 30]).

The remaining contention on appeal concerns the following provision of Penal Code section 1306: "*Within five days after said judgment becomes final the district attorney or other civil legal adviser of the board of supervisors shall demand immediate payment of said judgment.* If the judgment remains unpaid for a period of 10 days after demand has been made, he shall forthwith cause a writ of execution to issue and be levied upon the property of the judgment debtor and shall take any other steps necessary to collect said judgment." (Italics supplied.)

Appellant argues that the five-day time-limitation provision is mandatory in the sense that when a rule or statute requires an act to be performed within a stated period, it is void if performed later than specified. Appellant cites *People* v. *Black*, *supra*, and *People* v. *Burton*, 146 Cal.App.2d Supp. 878 [305 P.2d 302]. As indicated above, *Black* was concerned only with the jurisdictional requirement that the court act to set aside the forfeiture within the 90-day period. It does not hold that the court is precluded from thereafter entering the

[5]We have read and considered *People* v. *Wilcox*, 53 Cal.2d 651, 657 [2 Cal.Rptr. 754, 349 P.2d 522], cited by appellant. At most, this case is authority for the proposition that the court may enter its order vacating the bail forfeiture after the 90-day limitation where petitioner had filed his motion to vacate and made a showing to the satisfaction of the court within the 90-day period. Section 1305 clearly required that a showing to the satisfaction of the court be made within the 90 days after the order of forfeiture. In the instant case, appellant himself had the hearing on the motion to vacate continued a month beyond the 90-day limitation. Furthermore, *People* v. *Black*, *supra*, definitely holds that the 90-day period is jurisdictional and that the court cannot vacate the forfeiture after 90 days from the entry of the order of forfeiture in its smooth minutes. Since *Black* was decided by our Supreme Court subsequent to *Wilcox*, the District Court of Appeal is bound to follow the holding in *Black*. A careful reading of *Black* shows, contrary to appellant's contention, that the notice of motion to vacate was filed within the 90-day period, i.e., on the 83d day, and thus appellant incorrectly states that the only question of jurisdiction in *Black* related to the power of the court to act where the motion to vacate was not timely filed. *People* v. *Durbin*, 64 Cal.2d 474 [50 Cal.Rptr. 657, 413 P.2d 433], cited by appellant, is clearly not in point.

summary judgment. *Burton* directly contravenes appellant's argument as the case made no mention of the mandatory language requiring the court to act forthwith at the expiration of the 90-day forfeiture period and held, at page 882, that sections 1305 and 1306 contained no periods of limitation within which the summary judgment must be entered and that since no limitation could be imparted from the general statute, it could be entered more than one year after the entry of the forfeiture. The court pointed out, at page 883, that the liability of bail derives from the unexcused nonappearance of the defendant, that the surety becomes liable by operation of the statutory forfeiture, and that the court's action in making a record of the fact, though mandatory, is ministerial only. The remaining authorities cited by appellant likewise do not sustain its position.

█ It is clear that the purpose of the demand and notice provisions here in question is to protect the county, and not to absolve the judgment debtor from liability. Like any debtor, appellant cannot complain if his creditor does not demand payment immediately when due. The delay here inured to the benefit of appellant. █ The 1965 amendments to the statute do not aid appellant's position. █ We hold that the prompt action required of the district attorney under section 1306 in making demand for immediate payment of the judgment is ministerial only and that his failure to so act within the time specified does not affect the right of the county to proceed thereafter. The same can be said of the duty of the clerk to give notice of entry of judgment within a five-day period as provided in section 1308.

The order is affirmed.

Shoemaker, P. J., and Agee, J., concurred.

A petition for a rehearing was denied June 10, 1966, and the opinion was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied July 6, 1966.