507 P.2d 1000

**NATIONAL AUTOMOBILE AND CASUALTY COMPANY, Appellant,**

v.

**The STATE of Arizona, Appellee.**

**No. 1 CA–CIV 1930.**

Court of Appeals of Arizona, Division 1.

March 27, 1973.

Stidham & Galusha by Charles C. Stidham, Phoenix, for appellant.

Gary K. Nelson, Atty. Gen., Moise Berger, Maricopa County Atty. by Richard L. Sallquist, Deputy County Atty., Phoenix, for appellee.

HATHAWAY, Chief Judge.

The order challenged on this appeal is one denying appellant-surety's motion to set aside a judgment forfeiting a bail bond.

The events preceding the subject order are as follows. On February 6, 1967, a $2,000 bond posted by the surety for a defendant in a pending criminal cause was ordered forfeited because of the defendant's failure to appear. Nothing further was done with respect to a judgment against the surety until approximately four years later when the Maricopa County Attorney requested the court clerk to docket the order and enter judgment against the

surety. This request was filed February 5, 1971. It also appears from the record that on February 4th a judgment was signed by a Maricopa County Superior Court judge ordering that the state have judgment against the defendant and his surety in the sum of $2,000. This judgment was filed on February 8, 1971.

The record reflects that the surety was served on February 10, 1971 with a copy of the Request to the Clerk to Docket and Enter Judgment, to which was attached Certification of Bond Forfeiture, and Judgment, and also a Transcript of Judgment Docket. On February 19th, the court granted a stay of execution on the judgment to allow appellant to file a special action in the Court of Appeals.[1] On May 3rd, the county attorney filed a motion to lift the stay of execution which was granted on May 24th.

On May 17, 1971, appellant filed a motion to set aside the judgment of forfeiture pursuant to the provisions of Rule 60(c), as amended, Rules of Civil Procedure, 16 A.R.S., alleging that the judgment was void. It predicated its claim of "voidness" on the ground that it had been denied due process because of the county attorney's failure to comply with the requirements of Rule 73, Rules of Criminal Procedure, 17 A.R.S. The motion was denied and this appeal followed.

Appellant contends that the judgment of forfeiture is void on its face because it was based on a four year old order of forfeiture and made in total disregard of Rule 73.

Rule 72, Rules of Criminal Procedure, provides for a discharge of forfeiture within ten days after the undertaking has been forfeited provided certain conditions are met. Rule 73 provides:

"If the forfeiture is not discharged as provided in Rule 72, and the undertaking is one secured otherwise than by the deposit of money or bonds, the county at-

1. According to appellant's brief, the Court of Appeals, Department B, suggested at

an informal conference that the proper procedure would be by way of appeal.

torney, immediately after the lapse of ten days after the forfeiture, shall proceed against the defendant, or any surety, upon his undertaking, as follows:

The county attorney shall file a certified copy of the order of the court or judge forfeiting the undertaking in the office of the clerk of the superior court of the county wherein such order was made, and thereupon the clerk shall docket the order and enter judgment against the person bound by the undertaking for the amount of the penalty thereof, and execution shall be issued to collect the amount of the undertaking."

Appellant argues that Rule 73 places an obligation on the county attorney and that a substantial breach of this obligation "voids the obligation of this surety because said breach effectively deprived the surety of its rights under Rules 74 and 75."

■ Initially we note that the formal written judgment of February 4, 1971, was mere surplusage as the requirements of Rule 58(a) as amended, do not apply to Criminal Rule 73. See State v. Superior Court, 2 Ariz.App. 257, 407 P.2d 938 (1965). The record reflects that the county attorney did file in the office of the clerk a certified copy of the order forfeiting the bond and that the clerk did docket the order and entering judgment, all as provided in Rule 73. Appellant contends, however, that the lapse of time between the order of forfeiture and the entry of judgment thereon somehow deprived it of its rights under Rules 74 and 75. We find this argument specious for in fact the delay operated to the surety's advantage. In other words, the surety obtained a gratuitous extension of time to apply for remission of the forfeiture since the time to make such application for remission did not commence to run until after the entry of judgment as provided for in Rule 73. Therefore, during the almost four years period of which it now complains, appellant was afforded an opportunity to ascertain the reason for the defendant's non-appearance which might support an application for remission of the forfeiture; also, it had the use of the $2,000 during this period.

■ It is true, as contended by appellant, that Rule 73 states that the county attorney shall proceed against the surety "immediately after the lapse of ten days after the forfeiture." Although the language of Rule 73 is a mandate to the county attorney, the mandate was not for the benefit of the defendant or his surety; rather, it was intended to insure prompt enforcement for the benefit of the obligee, the state. Rule 73 contains no periods of limitation within which the summary judgment must be entered and therefore it could be entered four years after the order of forfeiture. People v. Burton, 146 Cal. App.2d Supp. 878, 305 P.2d 302 (1956); People v. National Automobile and Casualty Company, 242 Cal.App.2d 150, 51 Cal. Rptr. 212 (1966). We believe the following statements from the *National Automobile and Casualty Company* case, supra, are apropos:

"It is clear that the purpose of the demand and notice provisions here in question is to protect the county, and not to absolve the judgment debtor from liability. Like any debtor, appellant cannot complain if his creditor does not demand payment immediately when due. The delay here inured to the benefit of appellant. . . . We hold that the prompt action required of the district attorney . . . in making demand for immediate payment of the judgment is ministerial only and that his failure to so act within the time specified does not affect the right of the county to proceed thereafter." 51 Cal.Rptr. at 215.

We find no error in the lower court's refusal to set aside the judgment of forfeiture and therefore affirm.

KRUCKER and HOWARD, JJ., concur.