[Crim. No. 4002. In Bank.—August 28, 1936.]

THE PEOPLE, Respondent, v. ALBERT CHAMBERLAIN, Appellant.

L. R. Lambert and C. W. Anderson for Appellant.

U. S. Webb, Attorney-General, Ralph H. Cowing, Deputy Attorney-General, W. F. Cowan, District Attorney of Sonoma County, and Toland C. McGettigan, Assistant District Attorney, for Respondent.

WASTE, C. J.—The defendant was charged with murder. Under the provisions of section 1016 of the Penal Code, he pleaded not guilty of the offense charged, and also not guilty by reason of insanity. The jury rendered a verdict of guilty of murder of the first degree, with a recommenda-

tion of imprisonment in the state prison for the remainder of his life. A subsequent trial on the issue of his sanity resulted in a verdict that he was then sane. A motion for new trial on the issue of insanity alone was then presented and denied. Judgment was accordingly pronounced imprisoning him in the state prison at San Quentin for the balance of his lifetime. This appeal is from the order denying defendant's motion for a new trial and from that portion of the judgment of conviction which determines that the defendant was sane at the time of the commission of the homicide with which he was charged.

The attorney-general has raised a question as to the sufficiency of the appeal taken by the defendant as announced through his attorneys in open court at the time the judgment was rendered; but, as we have reached the conclusion that on the merits of the cause the judgment should be affirmed, the technical objection will not be considered. The real question to be considered is the sufficiency of the evidence, as a matter of law, to support the verdict of the jury.

The defendant concedes that the evidence is sufficient to support the verdict and judgment that he is guilty of murder of the first degree. He vigorously contends, however, that the evidence fails to support the verdict that he was sane at the time of the commission of the homicide. Ten lay witnesses were called by the defense and gave testimony tending to establish that the defendant was insane at the time of the commission of the crime. None of them thought he was sane. A reputable physician of long professional practice and experience, called as an expert, positively testified that the defendant was insane when he killed the deceased. Two alienists, summoned by the court pursuant to the provisions of section 1027 of the Penal Code, also pronounced the defendant insane at the time of the homicide.

No witness testified that the defendant was sane when he committed the crime. The prosecution rested without introducing any testimony to rebut the case of defendant on the issue of sanity. It relied entirely on the presumption of law that all men are presumed to be sane, and the evidence, if any, indicating the sanity of defendant, adduced on cross-examination from witnesses called by the defense, including the defendant who testified in his own behalf.

■ It must be conceded, of course, that in this state it is the well-settled rule that a person charged with a crime is presumed to be sane until the contrary is established by a preponderance of the evidence. (*People* v. *Williams*, 184 Cal. 590, 593 [194 Pac. 1019].) In that case the court regarded the evidence for the defense as "of very slight value". We do not deem it necessary to discuss the question of the weight of the evidence, for the jurors were not bound to decide the issue of insanity in conformity with the declarations of any number of witnesses which did not produce conviction in their minds against a less number, *or against a presumption or other evidence* satisfying their minds. (Code Civ. Proc., sec. 2061, subd. 2.) Two recent decisions of this court contain exhaustive reviews of the question of the probative force of a presumption of fact when opposed by direct evidence of the same fact to the contrary of such presumption. (*Mar Shee* v. *Maryland etc. Co.*, 190 Cal. 1 [210 Pac. 269], and *Smellie* v. *Southern Pacific Co.*, 212 Cal. 540 [299 Pac. 529].)

A still more recent case, in which the precise situation here also arose, is *People* v. *O'Brien*, 122 Cal. App. 147 [9 Pac. (2d) 902]. The contention there advanced, and by appellant in the present case, was given careful consideration by the District Court of Appeal in its opinion in that case. After citing and quoting from authorities from other jurisdictions supporting the contentions of the appellant, the court said (p. 150) : "But the difficulty encountered in attempting to apply to the facts of the instant case the declarations of the law contained in the authorities to which attention has been directed is that both by statute of our own state, as well as by judicial decisions therein, a principle of law which in its effect is in direct conflict with that to which reference has been had is freely and positively announced. . . . As far as this court is concerned, the conclusion necessarily follows that the point presented by appellant cannot be sustained."

■ Quoting from the Smellie case, *supra* (p. 549), we need only repeat "that a presumption is evidence and may in certain cases outweigh positive evidence adduced against it has long been the settled law of this state".

■ The personal appearance, mannerisms and actions of the defendant before the jurors during the trial, and the

character of his testimony and manner of giving it, were matters properly to be considered by them. We cannot say that the jury, observing the defendant in these particulars during the trial, with the entire evidence adduced at the trial in their minds, aided by the presumption that the defendant was sane, did not have sufficient evidence on which to base the verdict in this case.

Complaint is made that the trial court erroneously instructed the jury that it was not necessary that all its members, twelve in number, must agree on the verdict relating to the issue of sanity; that it was sufficient if concurred in by nine members. Assuming, but not deciding, that such instruction was erroneous, no prejudice resulted to the defendant. The record affirmatively shows that the verdict was concurred in by all of the twelve jurors. We therefore are not warranted in saying that the jury was not justified in concluding, from all the evidence, that insanity was not shown by a preponderance of the evidence bearing on that question. (*People* v. *Williams, supra.*)

The judgment is affirmed.

Langdon, J., Curtis, J., and Shenk, J., concurred.