[Crim. No. 2700.   Third Dist.   Nov. 27, 1956.]

THE PEOPLE, Respondent, v. MANUEL FRATERS, Appellant.

Samuel K. Brantley for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier, Deputy Attorney General, and Dean C. Lauritzen, District Attorney, for Respondent.

PEEK, J.—Defendant appeals from a judgment of conviction of murder of the second degree, and from the order denying his motion for a new trial on the issue of insanity. It is our conclusion that his attack upon the sufficiency of the evidence to sustain the verdict that he was sane at the time of the commission of the homicide and his contention that the trial court erred in instructing the jury that he was presumed sane and in refusing an instruction that he was presumed insane are without merit.

There would appear to be no reason for an extensive

summary of the evidence. Suffice it to say that defendant places sole reliance upon the testimony of two psychiatrists and that of certain other witnesses that he was insane at the time of the homicide. In so doing he has ignored the testimony of other witnesses who were present a short period after the homicide occurred who testified he appeared rational, spoke coherently, was oriented as to time, place and those persons who were present, knew that he had committed the offense and knew the consequences of his act. Even in the absence of such testimony it is the rule that " [t]he State had the benefit of the disputable legal presumption that he was sane, a presumption that remained in to be weighed by the jury with all evidence adduced . . ." (*People* .v. *Harmon,* 110 Cal.App.2d 545, 553 [243 P.2d 15].) This presumption, standing alone, would have been sufficient to sustain the verdict of the jury. (*People* v. *Chamberlain,* 7 Cal.2d 257 [60 P.2d 299].) Although counsel for defendant most earnestly argues the overwhelming preponderance of the testimony given by the two psychiatrists, nevertheless, under the rules above enunciated the weight of this testimony was for the jury.

In support of his second contention, defendant relies upon the case of *People* v. *Baker,* 42 Cal.2d 550 [268 P.2d 705]. The fact that defendant herein had been taken to the Modesto State Hospital immediately following the killing did not warrant such an instruction, nor are the facts herein in any way comparable to those in the Baker case where the court specifically noted the defendant's numerous commitments to the Camarillo State Hospital; and that he was on parole from that hospital at the time of the crime. It necessarily follows that it was proper for the court to instruct the jury upon the presumption of sanity and to refuse defendant's proposed instruction upon insanity.

The judgment and order are affirmed.

Van Dyke, P. J., and Schottky, J., concurred.