Filed 7/29/21; Supreme Court publication order 10/27/21

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

APPELLATE DIVISION

| | |
|---|---|
| THE PEOPLE,<br><br>            Plaintiff(s) and Respondent(s),<br><br>      v.<br><br>PHILADELPHIA REINSURANCE<br>CORPORATION,<br><br>            Defendant and Appellant. | Appellate Division No.: 37-2020- 00200183-CL-EN -CTL<br>Trial Court Case No.:    37-2020-00019877-CL-EN -CTL<br>Trial Court Location:    North County<br><br>**DECISION/STATEMENT OF REASONS<br>(CCP § 77(d)) BY THE COURT** |

APPEAL from the August 31, 2020 order entered by the Superior Court, San Diego County, Pamela Parker, Judge. This matter was scheduled for argument and taken under submission on July 6, 2021.

AFFIRMED.

On August 31, 2020, the trial court denied Philadelphia Reinsurance Corporation's motion to set aside the summary judgment entered by the trial court resulting in the bail bond forfeiture. The trial court's minute order states in part:

> Here, defendant Maria Campos failed to appear in court on March 28, 2019 and the bail bond was forfeited. The clerk mailed the notice of forfeiture on April 2, 2019, and thus, Defendant [Philadelphia Reinsurance Corporation] had 185 days from April

2, 2019, to secure the criminal defendant's appearance in court. On October 18, 2019, the court granted an extension of the appearance period through April 17, 2020. The court shut down due to the Covid-19 pandemic from March 17, 2020 through May 22, 2020. Monday, May 25, 2020, was a holiday (Memorial Day). This period of the Court's closure was deemed to be holiday time for purposes of computing time (see Code Civ. Proc. Section 12), but it did not "toll" Defendant's time to file a motion to vacate the forfeiture. Thus, as would be true for any response to a motion that was due by a date occurring during the closure, Defendant's time for filing any request to vacate the forfeiture – if it was going to file one at all – was extended [to] May 26, 2020, the first court business day after the closure. Code Civ. Proc. Section 12a. Defendant did not make a motion at that time, nor at any time up to the entry of summary judgment on June 11, 2020. The court's entry of summary judgment on that date was well within the 90-day period specified in Penal Code section 1306. Therefore, the summary judgment order is timely and valid.

This appeal followed.

The Appellate Division grants the People's Motion for Judicial Notice of the Judicial Council's Circulating Order Memorandum (Evid. Code, §459), and following de novo review, we conclude that Emergency Rule 9 does not apply to bail bond forfeiture motions and affirm the trial court's order denying the surety's motion to set aside the summary judgment.

### **Emergency Rule 9 is Unambiguous**

As recently explained by Division One of the Fourth District Court of Appeal in *All of US or None – Riverside Chapter v. Hemrick* (2021) 64 Cal.App.5th 751:

> " 'The rules applicable to interpretation of the rules of court are similar to those governing statutory construction. [Citation.] Under those rules of construction, our primary objective is to determine the drafters' intent. [Citation.]' [Citation.] 'If the rule's language is clear and unambiguous, it governs. [Citation.] Experience teaches, however, that unforeseen ambiguities can and do come to light despite the drafters' considered efforts to avoid them. In such cases, courts may consult appropriate extrinsic sources to clarify the drafters' intent. [Citation.]' " (*Rossa v. D.L. Falk Construction, Inc.* (2012) 53 Cal.4th 387, 391–392, 135 Cal.Rptr.3d 329, 266 P.3d 1022 (*Rossa*).)

Emergency Rule 9 was adopted by the Judicial Council on April 6, 2020 following Governor Newsom's March 27, 2020 order giving the Judicial Council the authority to take the

necessary action to respond to the COVID-19 pandemic. Emergency Rule 9 ("Tolling statutes of limitations for civil causes of actions"), as amended on May 29, 2021, states:

> (a) Tolling statutes of limitations over 180 days Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020.
> (b) Tolling statutes of limitations of 180 days or less Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that are 180 days or less are tolled from April 6, 2020, until August 3, 2020.
> Appendix I amended effective May 29, 2020; adopted effective April 6, 2020.

The language is clear and unambiguous; Emergency Rule 9 tolls "statutes of limitations and repose for civil causes of action." Statutes of limitations and statutes of repose are specific statutes that serve to bar the initiation of legal proceedings after the expiration of a defined timeline.[1]

Rule 9 does not toll the various statutory timelines set forth in the relevant Penal Code sections governing the procedure for the forfeiture and exoneration of bail bonds, including the 180-day timeline for defendant's appearance, the timeline for the filing of a motion by the surety to extend the 180-day timeline, and the timeline trial court's timeline for entering summary judgment as those timelines are not "statutes of limitations or repose for civil causes of action." (See Pen. Code, §§1305, 1305.4, and 1306.[2]) These statutory and procedural timelines within the Penal Code

---

[1] A statute of limitations sets the time within which proceedings must be commenced after a cause of action accrues and is generally calculated from the date of injury or damages, or their discovery. A statute of repose limits the time within which a proceeding may be brought regardless of injury or damages, and it is generally calculated from a specific event (e.g., construction or manufacture). (See *Giest v. Sequoia Ventures, Inc.* (2000) 83 Cal.App.4th 300, 305.)

[2] Penal Code section 1305 states in part:
(a)(1) A court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear ….
…
(b)(1) If the amount of the bond or money or property deposited exceeds four hundred dollars ($400), the clerk of the court shall, within 30 days of the forfeiture, mail notice of the forfeiture to the surety or the depositor of money posted instead of bail. . . . . If the notice of forfeiture is required to be mailed pursuant to this section, the 180-day period provided for in this section shall be extended by a period of five days to allow for the mailing.
…
(c)(1) If the defendant appears either voluntarily or in custody after surrender or arrest in court within 180 days of the date of forfeiture or within 180 days of the date of mailing of the notice if the notice is required under subdivision (b), the court shall, on its own motion at the time the defendant first appears in court on the case in which the forfeiture was entered, direct the order of forfeiture to be vacated and the bond exonerated. If the court fails to so act on its own motion, then the surety's or depositor's obligations under the bond shall be immediately vacated and the bond

-3-

were created to ensure a defendant's appearance in a criminal case. With the significant amendments to Penal Code section 1305 et seq. in 1927, "… the Legislature purposely changed the character of proceedings for forfeiture of bail. …. The effect was to remove bail forfeiture proceedings from the category of judicial forfeitures and place them within the classification of legislative or statutory forfeitures." (*People v. Burton* (1956) 146 Cal.App.2d Supp. 878, 883 (*Burton*), disapproved on other grounds in *People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 905.) "Prior to 1927 the method provided for enforcing a forfeiture of bail under Penal Code Sections 1305 and 1306 was by civil action upon the bond, *brought by the District Attorney*, which action could only be commenced after a declaration of forfeiture by the court in which the principal had failed to appear, and the lapse of twenty days more during which the non-appearance remained unexcused." (*Burton, supra*, at p. 881; italics added.) "Since 1927 the Penal Code Sections 1305, 1306 has required the *court* in which a bail bond has been filed to perform specified acts as a means of fixing liability of bail after the unexcused non-appearance of the defendant. *There is no civil action on the bond* by the district attorney, as formerly." (*Burton, supra*, at p. 881; italics added.) Bail forfeiture pursuant to Penal Code section 1305 et seq. is now a "a pure legislative type of forfeiture in which the statute itself not only transfers title of the forfeited property but within

---

exonerated. An order vacating the forfeiture and exonerating the bond may be made on terms that are just and do not exceed the terms imposed in similar situations with respect to other forms of pretrial release.
…
(j) A motion filed in a timely manner within the 180-day period may be heard within 30 days of the expiration of the 180-day period. The court may extend the 30-day period upon a showing of good cause. The motion may be made by the surety insurer, the bail agent, the surety, or the depositor of money or property, any of whom may appear in person or through an attorney.
….
Penal Code section 1305.4 states:
Notwithstanding Section 1305, the surety insurer, the bail agent, the surety, or the depositor may file a motion, based upon good cause, for an order extending the 180–day period provided in that section. The motion shall include a declaration or affidavit that states the reasons showing good cause to extend that period. The court, upon a hearing and a showing of good cause, may order the period extended to a time not exceeding 180 days from its order. A motion may be filed and calendared as provided in subdivision (j) of Section 1305. In addition to any other notice required by law, the moving party shall give the prosecuting agency a written notice at least 10 court days before a hearing held pursuant to this section as a condition precedent to granting the motion.

Penal Code section 1306, subdivision (a) states:
(a) When any bond is forfeited and the period of time specified in Section 1305 has elapsed without the forfeiture having been set aside, the court which has declared the forfeiture shall enter a summary judgment against each bondsman named in the bond in the amount for which the bondsman is bound. The judgment shall be the amount of the bond plus costs, and notwithstanding any other law, no penalty assessments shall be levied or added to the judgment.

itself prescribes the notice to be given the former owner and the procedural steps essential to constitute compliance with the due process clause of the Constitution." (*People v. Grant* (1942) 52 Cal.App.2d 794, 797.)

The timelines set forth in Penal Code section 1305 et seq. stand in stark contrast to the one-year statute of limitations for "[a] [civil] action upon a statute for a forfeiture or penalty to the people of this state" set forth in subdivision (b) of section 340 contained in the Code of Civil procedure, Part 2 (entitled "Of Civil Actions"), Title 2 (entitled "Of the Time of Commencing Civil Actions"), Chapter 3 (entitled "The Time of Commencing Actions Other than for the Recovery of Real Property"). Unlike the various statutory and procedural timelines set forth in the Penal Code that were properly applied by the trial court in this matter, the statute of limitations set forth in Code of Civil Procedure, section 340 (b) would be an example of a "statute[] of limitations … for [a] civil cause[] of action that exceed[s] 180 days" that was expressly and unequivocally intended to be tolled by Emergency Rule 9. "Where no *action* for a forfeiture is required to be brought, or where the statute itself prescribes the periods within which the procedural steps must be taken, certainly said section 340 of the Code of Civil Procedure would have no application…." (*People v. Grant, supra,* 52 Cal.App.2d at p. 799, original italics.)

**Emergency Rule 9 does not extend timelines for motions in pending actions**

To the extent that Rule 9 may be ambiguous, the Advisory Committee Comment to the rule and the Judicial Council's Circulating Order Memorandum support the conclusion that Rule 9 does not extend the timelines set forth in the Penal Code sections governing bail bond forfeiture procedures.

The Advisory Committee Comment states:

> Emergency rule 9 is intended to apply broadly to toll any *statute of limitations* on the filing of a pleading in court *asserting a civil cause of action*. The term "civil causes of action" includes special proceedings. (See Code Civ. Proc., §§ 312, 363 ["action," as used in title 2 of the code (Of the Time of Commencing Civil Actions), is construed "as including a special proceeding of a civil nature"); special proceedings of a civil nature include all proceedings in title 3 of the code, including mandamus actions under §§ 1085, 1088.5, and 1094.5-all the types of petitions for writ made for California Environmental Quality Act (CEQA) and land use challenges]; see

also Pub. Resources Code, § 21167(a)-(e) [setting limitations periods for civil "action[s]" under CEQA].)

The rule also applies to statutes of limitations on filing of causes of action in court found in codes other than the Code of Civil Procedure, including the limitations on causes of action found in, for example, the Family Code and Probate Code.

(Italics added.) Although the Advisory Committee Comment explains that Rule 9 is to be applied "broadly," any such "broad" application is expressly limited to toll "*statutes of limitations* on the filing of a pleading in court *asserting a civil cause of action*." (Italics added.)

The Circulating Order Memorandum further supports the conclusion that Emergency Rule 9 is inapplicable to this "pure legislative type of forfeiture." (*People v. Grant, supra,* 52 Cal.App.2d at p. 797.) The Judicial Council explained that Rule 9 tolls the time period to commence or initiate a civil cause of action. (See Circulating Order Memorandum, p. 1 ["tolled statutes of limitations on the *commencement* of civil causes of action"], p. 5 ["For example, the time for filing certain *initial* pleadings"], p. 6 ["filing in court of a pleading commencing a civil cause of action"] and ["filing *initial* pleadings in the trial court"], p. 9 ["toll any statutory limitation on the filing in a court of a pleading *commencing* a civil cause of action"]; italics added.) Rule 9, the Advisory Committee Comment thereto and the Circulating Order Memorandum make no mention of any *response* in a pending action or proceeding, or any procedural timelines other than "statutes of limitations or repose" for the assertion, commencement or initiation of an action.

A surety may file multiple motions pursuant to Penal Code section 1305 et seq. including a motion to vacate the forfeiture, exonerate the bond, or extend the appearance period. However, a surety's motion to toll or extend the appearance period is not an assertion, commencement or initiation of a civil cause of action, nor does a surety's motion serve to initiate the legislative bail bond forfeiture proceeding. It is merely a *response* in an already pending bail forfeiture proceeding collateral to an on-going *criminal* action.

It is the trial court's declaration of forfeiture in accordance with Penal Code section 1306, subdivision (a) that serves to initiate the legislative forfeiture proceeding. The surety then has an opportunity to *respond* before summary judgment will be entered. As explained in *People v. Surety*

*Insurance Co*. (1978) 82 Cal.App.3d 229, the declaration of forfeiture "is not a forfeiture at all but merely the initial step (in the nature of an order to show cause) in proceedings to forfeit the bond and render judgment against the surety." (*Id.* at pp. 236-237.) "Before the actual forfeiture of the bond can occur, the surety is given notice of the 'proposed action' (by declaration of forfeiture). The 'right to respond' is provided by an opportunity within 180 days to move to vacate the declaration of forfeiture." (*Id.* at p. 240.)

### Bail Bond Forfeiture is not a Special Proceeding Contemplated by Emergency Rule 9

Appellant's argument that the legislative bail bond forfeiture proceeding constitutes a "special proceeding of a civil nature" to which Rule 9 applies also fails. The express intention of the rule is to toll the statutes of limitations and repose for civil causes of action and certain "special proceedings" set forth in the Advisory Committee Comment. "It is well established that statutes must be given reasonable construction that conforms to the apparent purpose and intention of the law makers [citations].... [Citations.]" (*Nunn v. State of California* (1984) 35 Cal.3d 616, 624.)

The Advisory Committee Comment specifically limits the meaning of special proceedings of a civil nature to "include all proceedings in title 3 of the code, including mandamus actions under §§ 1085, 1088.5, and 1094.5-all the types of petitions for writ made for California Environmental Quality Act (EQA) and land use challenges]; see also Pub. Resources Code, § 21167(a)-(e) [setting limitations periods for civil 'actions' under CEQA].) Title 3 of the Code of Civil Procedure covers "Special Proceedings of a Civil Nature." Emergency Rule 9, the Advisory Committee Comments, and the Judicial Council's Circulating Order Memorandum make no mention of the Penal Code or bail bond forfeiture proceedings. Had the Judicial Council or Advisory Committee intended to include the timelines for the filing of a surety's motion in the legislative bail bond forfeiture proceeding pursuant to Penal Code section 1305 et seq., it could have done so as it did relative to other types of proceedings that were expressly listed in the Advisory Committee Comment. (See *Wildlife Alive v. Chickering* (1976) 18 Cal.3d 190, 195 ["...[W]here exceptions to a general rule are specified by statute, other exceptions are not to be implied or presumed. [Citations.]"].)

## No Emergency Rule Contemplates Any Extension on Bail Bond Forfeitures

The Judicial Council had created a number of very specific Emergency Rules related to Covid-19 including Emergency Rule 4, which served to create an Emergency Bail Schedule. It could have readily created a separate Emergency Rule if it intended to create any extensions of the bail bond forfeiture timelines set forth in Penal Code section 1305 et seq. "The Legislature is presumed to be aware of all laws in existence when it passes or amends a statute. The failure of the Legislature to change the law in a particular respect when the subject is generally before it and changes in other respects are made is indicative of an intent to leave the law as it stands in the aspects not amended." (*In re Greg F.* (2012) 55 Cal.4th 393, 407, internal quotations and citations omitted.)

The legislative forfeiture procedure is set forth in Penal Code section 1305 et seq., and Rule 9, the Advisory Committee Comment, and the Circulating Order make no mention of the Penal Code or bail bonds. A surety's failure to timely respond to the declaration of forfeiture by either producing the defendant or providing the evidence of a statutory basis for relief, will subject the surety to entry of summary judgment.

Here, Ms. Campos failed to appear and the bail forfeiture proceeding began when the bail bond was forfeited. The clerk then mailed out the notice of forfeiture, and then granted an extension of the appearance period, all prior to the court shutting down in response to the Covid-19 pandemic. The surety failed to file a motion to further extend the appearance period and Ms. Campos failed to voluntarily appear prior to the expiration of the appearance period or prior to the trial court's entry of summary judgment on June 11, 2020.

Summary judgment was entered *against* the surety for the amount of the bond plus costs in accordance with Penal Code section 1306, subdivision (a). As explained in *People v. Lexington National Ins. Corp.* (2016) 1 Cal.App.5th 1144, "[a] bail bond is a contract between the court and a surety whereby the surety promises that a defendant released from custody will appear in court when ordered. If the defendant fails to appear, the surety becomes a debtor for the bond amount. [Citation.]" (*Id.* at p. 1148.) The entry of summary judgment against the debtor after the initiation

of the forfeiture proceedings by the trial court's declaration of forfeiture cannot somehow be transmuted into a civil action asserted by the debtor.

As aptly recognized by the trial court and the Court of Appeal in *People v. Surety Insurance Co.*, bail bond forfeitures are essentially an order to show cause. (*People v. Surety Insurance Co.*, *supra*, 82 Cal.App.3d at pp. 236-237.) The declaration of forfeiture orders the surety to show cause within the statutory time period regarding why summary judgment should not be entered pursuant to the mandatory consent judgment process outlined in the Penal Code. Bail bond motions within these proceedings cannot be categorized as the assertion of a "civil action" or "special proceeding" as they are, in essence, a response to the trial court's "order to show cause" as to why the court should not enter summary judgment against the surety for the amount of the bond plus costs in accordance with Penal Code section 1306, subdivision (a), or a request to set aside a consent judgment.

> It is said that since judgment against the bail is one taken by consent, the obligation assumed by the bail is absolute but for the defenses set forth in section 1305 of the Penal Code, and even these must be asserted within the 90-day period before the court loses jurisdiction. If the motion is not timely made, for such relief, the consent judgment must be entered, from which there is no appeal, the 90-day period being a period of limitation for any permissible relief. [Citation.]

(*Bean v. Los Angeles County* (1967) 252 Cal.App.2d 754, 759-760, disapproved on other grounds in *In re Underwood* (1973) 9 Cal.3d 345, 348.)

**Philadelphia Reinsurance Corporation is not Entitled to a Favorable Interpretation of Rule 9**

Although "Penal Code sections 1305 and 1306 dealing with forfeiture of bail bonds must be strictly construed in favor of the surety to avoid the harsh results of a forfeiture" (*County of Los Angeles v. Surety Insurance Co.* (1984) 162 Cal.App.3d 58, 62), Emergency Rule 9's express purpose of extending statutes of limitations to permit the assertion of civil causes of action in response to an unprecedented pandemic cannot be judicially extended beyond its intended purpose. (*People v. Indiana Lumbermens Mutual Ins. Co.* (2010) 49 Cal.4th 301, 308 ["The policy

disfavoring forfeiture cannot overcome the plainly intended meaning of [a] statute"]; *Rudick v. State Bd. of Optometry* (2019) 41 Cal.App.5th 77, 88 [ "Inconvenience or hardships, if any, that result from following [a] statute as written must be relieved by legislation .... Construction may not be substituted for legislation. [Citation.]"; internal quotations omitted.]; see also, (*People v. Seneca Insurance Company* (2003) 29 Cal.4th 954, 962 [a rule of criminal procedure is not a bail forfeiture law entitled to be construed in favor of a surety even if the rule could have the effect of exonerating bail].) "[W]e acknowledge the unprecedented nature of the circumstances presented by the COVID-19 pandemic and the hardships it may have caused. Those with filing deadlines during court closure periods had to be especially vigilant of court reopening dates, particularly in view of the harsh consequences attending untimely filings such as those here." (*Rowan v. Kirkpatrick* (2020) 54 Cal.App.5th 289, 297.) Nothing prevented Philadelphia Reinsurance Corporation from being especially vigilant of the court's reopening date and timely filing its motion. Moreover, it was free to discharge itself from liability at any time. (*Bean v. Los Angeles County, supra,* 252 Cal.App.2d at p. 758 ["The responsibility of the sureties is based upon their custody of the principal (the person bailed), and their rights and powers under such custody. If they are at any time fearful that he may not appear, they can have him arrested and surrendered, or he may surrender himself, and in either event they are exonerated. [Citations.]"

Lastly, Appellant's argument that Defendant Maria Campos' voluntary appearance on September 14, 2020 served to exonerate bail by operation of law fails. Emergency Rule 9 did not toll the appearance period, and the appearance period had expired. We also note that Ms. Campos did not appear until after the trial court properly denied the surety's motion to set aside the forfeiture on August 31, 2020 and after a bench warrant had issued.

In light of the foregoing, the trial court's entry of summary judgment was timely, and the order denying the surety's motion to set aside the judgment is affirmed.

Respondent is awarded costs on appeal.

Unanimously affirmed.

JULIA C. KELETY
Presiding Judge, Appellate Division

MAUREEN F. HALLAHAN
Judge, Appellate Division

DAVID M. RUBIN
Judge, Appellate Division

**Trial Court information:**

Case number : 37-2020-00019877-CL-EN-NC

The People, Plaintiff
    v.
Philadelphia Reinsurance Corporation, Defendant

Judge:  Pamela Parker

**Counsel:**

Crystal Rorabaugh, for Defendant and Appellant.

Thomas Deak, County Counsel, for Plaintiff and Respondent.